Robert Giles v. The State.

No. 1984. Decided November 6, 1912.

1.—Assault to Murder—Continuance—Bill of Exceptions—Filing.

Where, upon appeal from a conviction of assault to murder, the bill of exceptions to the overruling of an application for continuance appeared to have been filed without a proper order of court extending the time for filing same, the same could not be considered.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of assault to murder, the evidence was conflicting, there was no reversible error.

3.—Same—Charge of Court—Harmless Error—Article 743, Code Criminal Procedure.

Where, upon trial of assault to murder, the evidence sustained the conviction, and the record showed that the court had erroneously charged an acquittal which the jury disregarded, and other portions of the charge were sufficient to sustain the conviction, there was no error under article 743, Code Criminal Procedure.

Appeal from the District Court of Morris. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

. *J. E. Stewart,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

He assigns as error the overruling of his application for a continuance. The record does not contain a bill of exceptions, but there is a bill of exceptions accompanying the record but independent of it which was filed eighty-seven days after the adjournment of court. Court adjourned on the 15th day of March, 1912. There was an order entered at that time granting thirty days after adjournment of court in which to prepare and file statement of facts and bills of exception. He would perhaps have had thirty days any way without entering this order but the record does not contain any order extending the time, and the bill having been filed on June 10, after the previous adjournment of court, it can not be considered, therefore, the matter set up in the bill, which relates to the overruling of the application for continuance, can not be considered.

It is contended the verdict is not supported by the facts. The questions involved within this contention can not be sustained. The State's evidence made a case. The evidence for the defendant flatly contradicts it. This was peculiarly a question for the jury, and they decided against appellant.

The court, after charging the law of self-defense, gave this charge: "I further charge you that if you believe from the evidence that the defendant or Quitman Buford or both did the shooting, if any, then you will find the defendant not guilty." It is contended that this is reversible error. The State's theory was that the defendant was shooting at Fred Buford. Under this charge if appellant fired or did the shooting, then he would not be guilty. How the jury convicted under this charge is difficult to understand. The court all through the charge had instructed if appellant did the shooting with malice aforethought he would be guilty of assault with intent to murder, and then submitted the law of self-defense and aggravated assault. Under the recent decisions of this court construing article 743 of the Code of Criminal Procedure, and in view of the entire charge and the evidence, we are of opinion this does not present such error as ought to be held injurious to the defendant. There was no evidence in the record to form predicate for this charge, but it was not injurious. That the jury did not acquit him in the face of this charge, he contends to be error. The facts were that if he shot at Fred Buford, that he did it

for the purpose of killing him, as he fired at him five times; all the time the assaulted party was fleeing. His side of the case was that he did not fire at all, had nothing to do with it, and introduced evidence to that effect. This charge was evidently a mistake on the part of the court. While the writer has not agreed with the decisions above referred to, yet in view of the fact that they constitute the law of the State, this does not present such error as would cause a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*